# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Antwan Zeigler, | ) | |
| | ) | Civil Action No. 9:14-cv-01162-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dennis Bush, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner brought this action seeking relief pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 33), filed on March 3, 2015, recommending that Respondent's Motion for Summary Judgment (ECF No. 24) be granted and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed with prejudice. Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation (the "Objection"). (ECF No. 36.) For the reasons set forth below, the court **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 24) and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) without an evidentiary hearing.

## I. JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is in custody of a state court in violation of the Constitution, laws, or treaties of the United States.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Report contains a thorough recitation of the relevant factual and procedural background of the matter. (*See* ECF No. 33 at 1–5.) The court concludes upon its own careful

1

review of the record that the Report's factual and procedural summation is accurate, and the court adopts this summary as its own.

### III. LEGAL STANDARD

*A. The Magistrate Judge's Report and Recommendation*

The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The court reviews de novo only those portions of a Magistrate Judge's recommendation to which specific objections are filed. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). She reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Id*. The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

*B. Relief under 28 U.S.C. § 2254*

The Antiterrorism and Effective Death Penalty Act of 1996, as codified in 28 U.S.C. § 2254, governs Petitioner's federal habeas claims. Petitioners seeking relief pursuant to § 2254 usually must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). Federal courts may not thereafter grant habeas corpus relief unless the underlying state adjudication comports with § 2254(d), which provides:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was *contrary to, or involved an unreasonable application of, clearly established Federal law*, as determined by the Supreme Court of the United States; or (2) *resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding*.

§ 2254(d) (emphasis added).

A state court's decision is contrary to clearly established federal law when it "applies a rule that contradicts the governing law set forth" by the United States Supreme Court or confronts facts essentially indistinguishable from a prior Supreme Court decision and "nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). In contrast, a state court's decision involves an "unreasonable application" of "clearly established" federal law 1) "if the state court identifies the correct governing legal rule from this [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or 2) "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

In line with *Williams*, the Fourth Circuit has noted that an "unreasonable application" is not necessarily an "incorrect application" of federal law, explaining that "an incorrect application of federal law is not, in all instances, objectively unreasonable." *Humphries v. Ozmint*, 397 F.3d 206, 216 (4th Cir. 2005) (citing *Williams*, 529 U.S. at 413). Thus, to grant a habeas petition, a federal court must determine that the state courts' adjudication of a petitioner's claims was "not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004).

In making this determination, a federal court's habeas review focuses on the state court decision that already addressed the claims, not "the petitioner's free-standing claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997), *appeal dismissed*, 139 F.3d 891 (4th Cir. 1998). And a Petitioner who brings a habeas petition in federal court must

3

rebut facts relied upon by the state court with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1))).

### C. Procedural Bar of Claims for Federal Review

A habeas petitioner must properly raise and preserve an issue on direct appeal to avoid that issue being barred from further state collateral review. *See, e.g.*, *Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 562 n. 3 (1971); *Ingram v. State of S.C.*, No. 97-7557, 1998 WL 726757, at *1 (4th Cir. Oct. 16, 1998); *Josey v. Rushton*, No. 00-547, 2001 WL 34085199, at *2 (D.S.C. Mar. 15, 2001). For a federal court to be appropriate in ignoring a state procedural bar, a petitioner would need to demonstrate 1) cause for his failure to raise the claim in the state courts, and 2) actual prejudice resulting from the failure. *Wainwright v. Skykes*, 433 U.S. 72 (1977); *see also Reed v. Ross*, 468 U.S. 1, 10–11 (1984) (noting that state procedural bars promote "the finality of [judicial] decisions"). Alternatively, a petitioner can demonstrate that a federal court's failure to consider the claims, regardless of their procedural bar, would result in a "fundamental miscarriage of justice." *Engle v. Isaac*, 456 U.S. 107, 135 (1982) ("[W]e are confident that victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard." (citing *Wainwright*, 433 U.S. at 91)).

## IV. ANALYSIS

### A. Report and Recommendation Summary

The Report addresses the following of Petitioner's habeas allegations, quoted verbatim:

Ground One: Whether trial court failed to grant a new trial based on juror misconduct.

4

>Ground Two: Whether Trial Counsel Was Ineffective for failing to Move For Severance.
>
>Ground Three: Whether Trial Court Failed to Grant Directed Verdict Motion Was Erroneous.
>
>Ground Four: Whether State Failure to prove guilt beyond a Reasonable doubt was based on juror misconduct.

(ECF No. 1 (excluding "supporting facts").)

The Magistrate Judge first concluded that Ground Three was procedurally barred because Petitioner had not properly raised and preserved this issue in his direct appeal to the South Carolina State Supreme Court for discretionary review. (ECF No. 33 at 6–7) (citing supporting United States Supreme Court and Fourth Circuit case law).). Neither did Petitioner show cause for his failure to raise the claim in the state courts or actual prejudice resulting from the failure. (*Id.* No. 8 (citing *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990), *cert. denied*, 498 U.S. 1035 (1991) and *Wainwright v. Skykes*, 433 U.S. 72 (1977)).) The Magistrate Judge thus concluded that this failure precludes the claims' federal habeas review. (*Id.* at 7.)

As for Ground One and Ground Four, the Magistrate Judge concluded that he could "discern no reversible error" in the state courts' findings that there was no juror misconduct. (*Id.* at 13.) As part of this conclusion, the Magistrate Judge applied *Tanner v. United States*, 483 U.S. 107, 119–21 (1987) (emphasizing the "extraneous influence" exception to not admitting jury testimony and holding that an evidentiary hearing is required where "extrinsic influence or relationships have tainted the [jury] deliberations"). He determined that in this case, "there is no evidence of extraneous influence, or impropriety in the process of not going through the give and take of jury deliberations" and therefore no evidence to justify allowing jury testimony to impeach its verdict or evidence that requires a new trial. (*Id.* at 13.) The Magistrate Judge moreover referenced the policy considerations supporting "'the common law rule against the

5

admission of jury testimony to impeach a verdict.'"  (*Id.* at 13. (citing *Tanner*, 483 U.S. at 119).) He accordingly concluded that the juror's statements during the post-trial investigation in this case did not suggest any "improper consideration" in the jury's rendering of the verdict against Petitioner.  (*Id.* at 16.)

The Magistrate Judge then evaluated the state court's application of *Strickland v. Washington*, 466 U.S. 668 (1984) to Petitioner's claim of ineffective assistance of trial counsel in support of Ground 2 of his habeas petition.  (ECF No. 33 at 17–23.)  Under *Strickland*, Petitioner needed to have shown not only that counsel's performance was deficient under an objective reasonableness standard, but also that this deficiency prejudiced his defense.  *Strickland*, 466 U.S. at 668, 687, 694.  Citing relevant portions of the record below, the Magistrate Judge concluded that the state court reasonably concluded that Petitioner's claims failed under *Strickland*—that is, the state court's "findings and rulings" in application of *Strickland*, as clearly established federal law, was not objectively unreasonable under § 2254(d) such that Petitioner's habeas petition should be granted.  (ECF No. 33 at 22.)

   B. *The Court's Review of Petitioner's Objections*

After a thorough review of the Report and the record in this case, this court determines that Petitioner's objections, as identified and discussed below, fail.

   1. *Procedural Bar of Ground 3 of Habeas Petition*

Petitioner first objects to the Report by arguing that Petitioner failed to "conduct a sec. 2254(d)(2) review of this [directed verdict] claim."  Petitioner appears to object specifically to the fact that the Report did not consider particular trial testimony "in pari materia since it is the only evidence state has produced establishing a reasonable hypothesis supporting an inference of guilt."  (ECF No. 36 at 6–7.)

6

Petitioner's objection, however, is irrelevant—the failure to preserve the directed verdict issue for appeal results in it being procedurally barred under state law. *See, e.g.*, *Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 562 n.3 (1971); *Ingram v. State of S.C.*, No. 97-7557, 1998 WL 726757, at *1 (4th Cir. Oct. 16, 1998); *Josey v. Rushton*, No. 00-547, 2001 WL 34085199, at *2 (D.S.C. Mar. 15, 2001). For this federal court to be appropriate in ignoring a state procedural bar, Petitioner would need to demonstrate 1) cause for his failure to raise the claim in the state courts, and 2) actual prejudice resulting from the failure. *Wainwright v. Skykes*, 433 U.S. 72 (1977). Alternatively, Petitioner would have to demonstrate that this court's failure to consider the claims, regardless of their procedural bar, would result in a "fundamental miscarriage of justice." *Engle v. Isaac*, 456 U.S. 107, 135 (1982) ("[W]e are confident that victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard." (citing *Wainwright*, 433 U.S. at 91)). Since defendant fails to show either, the Magistrate Judge was correct in deeming Ground 3 of Petitioner's habeas claim procedurally barred, and Petitioner's objections are moot.

   *2. Juror Misconduct in Ground One and Ground Four of Habeas Petition*

Petitioner next objects to the Magistrate Judge's conclusions regarding the juror misconduct habeas claims, stating verbatim:

> Contrary to the state court and magistrate conclusions it is reasonable to conclude that based on evidence obtained at my trial. These Jurors who expressed concern about why me and co-defendant did not testify is enough to convene a hearing to determine what kind of difference my testimony would have on verdict as court did in State v. Bryant. See Barnes v. Joyner, 751 F.3d 229 (4th Cir. 2014)

(ECF No. 36 at 17.) Petitioner further cites *Tanner v. United States*, 485 U.S. 107 (1987) for the proposition that "a jury verdict can be impeached to protect [his] due process rights as well as to ensure Process was not fundamentally unfair." (*Id.* at 16.) He argues

as part of his objection that a "sec. 2254(d)(2) analysis requires court look at facts both lower court and magistrate did not." (*Id.* at 18–19 (quoted verbatim).)

As an initial matter, Petitioner is correct that *Tanner* applies to his habeas claims of juror misconduct. *See Tanner*, 485 U.S. at 120 (holding that an evidentiary hearing is required where "extrinsic influence or relationships have tainted the [jury] deliberations"). In this case, the record shows that prior to returning the verdict, the jury had sent a note to the trial court asking, "Is it a possibility that the defendants go under oath and tell their side of the story?", to which the trial court answered in the negative and further clarified that the jury was not to consider the fact that the defendants, one of whom was Petitioner, did not testify. (ECF No. 25-3 at 203, 205–06.) Upon the rendering of the guilty verdict, the trial counsel further investigated the potential juror misconduct, and she moved to set aside the guilty verdict based on her investigative findings. (*Id.* at 348–50.) The PCR court made a number of findings regarding the extent to which individual jurors considered the fact that Petitioner did not testify. (*See* ECF No. 25-6 at 1–2.)

However, contrary to Petitioner's objections as to what these PCR court findings suggest, (*See* ECF No. 36 at 14–19), there simply is no evidence of the type of "extraneous influence" on any of the jurors that *Tanner* forbids. *See, e.g.*, *United States v. Rodriquez*, 116 F.3d 1225, 1227 (8th Cir. 1997) (considering *Tanner* and stating: "That [Defendant] did not testify is not a fact the jurors learned through outside contact, communication, or publicity. It did not enter the jury room through an external, prohibited route. It was part of the trial, and was part of the information each juror collected. It should not have been discussed by the jury, and indeed was the subject of a

8

jury instruction to that effect. But it was not 'extraneous information'"); *Raley v. Ylst*, 479 F.3d 792, 803 (9th Cir. 2006) (finding that a jury's discussion of the defendant's decision not to testify is "part of the trial, not extrinsic to it").  Therefore, the Magistrate Judge was correct in his conclusion, and Petitioner's objections fail.

### 3. *Ineffective Assistance of Counsel in Ground Two of Habeas Petition*

Petitioner finally objects to the Magistrate Judge's consideration of his ineffective assistance of counsel claim for failing to move to sever his trial from his co-defendant's trial. (ECF No. 36 at 8–14.)  He specifically argues that the Magistrate Judge did not consider that "under sec. 2254(d)(2) if assuming arguendo [his] trial was severed from [co-defendant] would statement [witness] say he made be admissible at [his] trial, and thus if evidence was unavailable too Jury could they find me Guilty."  (ECF No. 36 at 9 (quoted verbatim).)

Under *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984), Petitioner needed to have shown not only that counsel's performance was deficient under an objective reasonableness standard, but also that this deficiency prejudiced his defense.  Applying *Strickland*, Petitioner argues that his counsel's "failure to sever trials was below objective standard of reasonableness," particularly given the information the trial counsel had in deciding not to do so.  (*Id.* at 10–11.) Petitioner further argues that under *Strickland*'s second requirement of a showing of prejudice, the court should conclude that "not severing trials allowed evidence of [co-defendant]'s guilt too spill-over to [him].  (*Id.* at 11–12.)

This court rejects Petitioner's arguments. As the Report noted, (*See* ECF No. 33 at 20.), Petitioner's trial counsel articulated rational reasons for not moving to sever the trials, including, among other reasons, the belief at the time of the trial that the co-defendants actually could strengthen each other's cases. (*See* ECF No. 25-3 at 357–59.)  In light of this testimony and

9

Petitioner's further failure to provide evidence supporting the assertion that a motion for severance was required or even would have been granted, the PCR court's conclusion that Petitioner could not prove that his counsel was ineffective under *Strickland* was not unreasonable.  And as for Petitioner's specific argument that prejudice under *Strickland* can be demonstrated by the fact that his trial counsel sacrificed his right to cross-examine his co-defendant, (ECF No. 36 at 13 (citing *Bruton v. United States*, 391 U.S. 123 (1968)).), this court reiterates the Report's apt clarification that Petitioner was not *expressly implicated* in his co-defendant's statement, as *Bruton* requires.  *See State v. Spears*, 393 S.C. 466, 475–76 ("An example of a specific trial right that may be prejudiced from a joint trial is the constitutional right to cross-examination when one codefendant's confession expressly implicates another codefendant but the confessor does not take the witness stand." (citing *Bruton,* 391 U.S. at 135–37 (1968)).

The Antiterrorism and Effective Death Penalty Act, as codified in 28 U.S.C. § 2254, ultimately charges this court with determining whether that state court determination under *Strickland* was reasonable.  And Petitioner simply fails to offer the "clear and convincing evidence" in his habeas petition and objections to the Report to overcome the presumption that the PCR court determination under *Strickland* was reasonable.  28 U.S.C. § 2254(e)(1).  Indeed, even with such evidence, it remains difficult for a federal court to establish that a state court's application of *Strickland* was unreasonable under § 2254(d); when both *Strickland* and § 2254(d) apply, as in this case, federal review is "doubly" deferential.  *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

## V. CONCLUSION

For the reasons set forth above, the court **ADOPTS** the Magistrate Judge's Report and

Recommendation (ECF No. 20). It is therefore **ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 10) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, Petitioner has not met the legal standard for the issuance of a certificate of appealability.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 21, 2015
Columbia, South Carolina